

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHARLES GRIFFITH | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. ) ) **15 CV - 86 JED - PJC** ) |
| THE CITY OF SPERRY OKLAHOMA | ) JURY TRIAL DEMANDED ) ATTORNEY'S LIEN CLAIMED. ) |
| Defendant. | ) ) |

**FILED**

FEB 1 8 2015

Phil Lombardi, Clerk
U.S. DISTRICT COURT

## COMPLAINT

Charles Griffith, for his Complaint against the City of Sperry, Oklahoma, and alleges as follows:

### PARTIES

1. Plaintiff Charles Griffith ("Mr. Griffith") is a citizen of the United States of America and a resident of Sperry, Oklahoma.

2. Defendant The City of Sperry ("Sperry") is a municipal corporation and body politic organized under the laws of the State of Oklahoma and is authorized to sue and be sued in its corporate name.

3. Eric Downing ("Officer Downing") was a police officer employed by the City of Sperry, Oklahoma. Downing at all times material to this action was acting under color of state law.

### JURISDICTION AND VENUE

4. This action arises under the Fourth, Fifth, and Fourteenth Amendments to



the Constitution of the United States and under the Civil Rights Act, Title 42 U.S.C. § 1983, and the Oklahoma Government Tort Claims Act, 51 Okla. Stat. § 151 *et seq.*

5. This Court has original jurisdiction over the federal claims, 28 U.S.C. §§ 1331 and 1343, and supplemental jurisdiction over the state claims, 28 U.S.C. § 1367, as stated herein.

6. A substantial part of the events giving rise to the claims asserted in this Complaint occurred in the Northern District of Oklahoma. Venue is proper under 28 U.S.C. § 1391(b)(2).

## FACTUAL ALLEGATIONS

7. Mr. Griffith is a 78-year-old lifelong Sperry resident with no criminal history prior to the events of June 11, 2014. Mr. and Mrs. Griffith have been married 55 years and have spent the entirety of their marriage in Sperry. Mr. Griffith left Sperry only to serve his country in the Army as a result of a peacetime draft.

8. Mr. Griffith, while traveling south in downtown Sperry in his car, saw Officer Downing cross the center line in his police car and approach Mr. Griffith's car from the opposite direction. Officer Downing's actions threatened the life and property of Mr. Griffith, Mrs. Griffith his passenger, and all others traveling by car in that vicinity. Mr. Griffith signaled to Officer Downing that he should not be traveling improperly and illegally, by waving his arm and calling out to Officer Downing.

9. Officer Downing returned his car to the proper lane and drove by the Griffith vehicle traveling in the opposite direction. Officer Downing immediately turned

around and pulled the Griffith vehicle over by initiating a traffic stop. Office Downing exited his car and approached the Griffith vehicle from behind, on the driver's side, in a highly agitated, furious state, upset that Mr. Griffith had pointed out his improper driving. Seeing Officer Downing's highly agitated state, Mr. Griffith opened the driver's side door so he could exit the vehicle and greet Officer Downing. Given his age and infirmity, Mr. Griffith was only able to open his door and extend his legs out of the car before rising. At no time did Mr. Griffith make any threatening or aggressive movements, actions or statements; instead, he continued his obviously laborious process of trying to exit his vehicle.

10. When Officer Downing drew even with Mr. Griffith, he grabbed Mr. Griffith's arm, twisting and shaking it violently, managing to break open the skin such that the multiple lacerations he caused required sixty Steri-Strips to close. Mr. Griffith fell back in his seat, bleeding from the lacerations that opened when Office Downing twisted his arm. At that point Officer Downing, who was outside the car and in no danger from the 78-year-old Mr. Griffith who lay bleeding and in pain from his wounds, maliciously and malevolently sprayed Mr. Griffith in the face with pepper spray. The result of the pepper spray has afflicted Mr. Griffith with chemically induced asthma and complications with his vision.

11. A group of citizens witnessed Officer Downing's violent attack on Mr. Griffith, and caused Officer Downing to separate himself from the immediate vicinity of Mr. Griffith.

12. No traffic citation was issued nor were any criminal charges filed against Mr. Griffith as a result of the traffic stop on June 11, 2014.

13. The City of Sperry acted with deliberate indifference which was a proximate cause of the injuries inflicted on Mr. Griffith, through one or more of the following: inadequate policies, inadequate training, inadequate supervision, or the very fact of hiring Officer Downing despite having knowledge of Officer Downing having been fired from a prior law enforcement job because of use of excessive force.

14. As a direct and proximate result of the said acts of Officer Downing, Mr. Griffith suffered the following injuries and damages:

    a. Violation of his constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search and seizure of his person;

    b. Loss of his physical liberty;

    c. Physical pain and suffering and emotional trauma and suffering, requiring the expenditure of money for treatment. Mr. and Mrs. Griffith are now spending their golden years afraid of further retaliation from the police sworn to protect them.

15. The actions of the defendant Officer Downing violated Mr. Griffith's clearly established and well settled federal constitutional rights:

    a. Freedom from the unreasonable seizure of his person.

    b. Freedom from the use of excessive, unreasonable, and unjustified

force against his person.

16. The acts and conduct of Officer Downing deprived Mr. Griffith of his rights, guarantees, and privileges under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution in that the officer unlawfully arrested Mr. Griffith, and used excessive force against him. The facts and circumstances show, inter alia, that: (i) the officer had no reasonable suspicion to perform a traffic stop; (ii) the officer had no probable cause to arrest Mr. Griffith; (iii) the officer had no justification for physically attacking Mr. Griffith; (iv) The officer had no justification to use pepper spray during the course of the traffic stop, further evidenced by the fact that no traffic citation was issued nor were any criminal charges against Mr. Griffith.

## COUNT I: 42 U.S.C. § 1983

17. Mr. Griffith re-alleges and incorporates by reference paragraphs 1 - 16.

18. Officer Downing was at all times material herein working within the scope of his employment and under color of state law.

19. No prudent, cautious, or trained officer, based upon the facts and circumstances of June 11, 2014, could believe Mr. Griffith had committed or was committing an offense. Mr. Griffith's arrest was unlawful and entirely without probable cause.

20. The amount of force used by Officer Downing was excessive and not objectively reasonable in light of the totality of the facts and circumstances. First, Mr. Griffith had committed no crime. Second Mr. Griffith posed no threat to the safety of

Officer Downing or to the safety of anyone in the immediate vicinity. Third, Mr. Griffith was not actively resisting arrest or attempting to evade arrest by flight.

21. Officer Downing's use of pepper spray and the violence he visited upon a peaceful and compliant elderly man who dared to notify the officer of his improper driving demonstrates Officer Downing's conduct was motivated by an improper purpose and the injuries suffered by Mr. Griffith exhibits the imminent risk of serious harm.

22. The City of Sperry acted with deliberate indifference which was a proximate cause of the injuries inflicted on Mr. Griffith, through one or more of the following: inadequate policies, inadequate training, inadequate supervision, or the very fact of hiring Officer Downing despite having knowledge of Officer Downing having been fired from a prior law enforcement job because of use of excessive force.

23. Defendant City of Sperry's hiring of Officer Downing knowing his history of excessive force complaints as well as its utter failure to train and supervise its police officers was deliberately indifferent to Mr. Griffith's clearly established constitutional rights.

WHEREFORE, premises considered Mr. Griffith prays for: a) actual damages against the City of Sperry in an amount to be proven at trial and to be determined by a jury; b) reasonable attorney's fees; and c) such other and further relief as the Court shall find appropriate in the circumstances.

### COUNT II: 51 OKLA. STAT. § 151 *et seq.*

24. Mr. Griffith re-alleges and incorporates by reference paragraphs 1 - 23 and

alleges that the conduct of the Sperry officer was in violation of the Oklahoma Government Tort Claims Act, 51 Okla. Stat. § 151 *et seq.* ("Act").

25. In compliance with § 156 of the Act, Plaintiff filed notice of his claim in writing on July 14, 2014, with the Town Clerk and Legal Counsel for the City of Sperry. See attached Exhibit A.

26. The injury and the loss to Mr. Griffith occurred on June 11, 2014. Therefore, the claim was filed with the appropriate entity within one (1) year after the loss occurred as required by § 156(B) of the Act.

27. The notice of a claim included the date, time, place, and circumstance of the claim, the identity of the state agency involved, the amount of compensation and other relief requested, per § 156(E) of the Act.

28. The City of Sperry denied the claim on October 12, 2014.

29. Mr. Griffith has commenced this action within 180 days of denial of the claim pursuant to 51 Okla. Stat. § 157(B).

30. Officer Downing was acting within the scope of his employment with the City of Sperry at the time he negligently injured Mr. Griffith.

31. Mr. Griffith's injuries occurred solely because Sperry and its officer negligently attempted to arrest Mr. Griffith and subdue an already compliant arrestee with excessive physical force and pepper spray. The breach of the duty of care owed to Mr. Griffith by Defendant and Defendant's officer were the proximate cause of Mr. Griffith's injury.

32.   Due to the City of Sperry's and Officer Downing's negligence, Mr. Griffith has suffered severe injury and loss including pain and suffering, medical expenses, and other expenses. Further, the Griffiths now live in fear of retaliation from the very police department sworn to protect and serve them.

WHEREFORE, premises considered Mr. Griffith prays for: a) actual damages against the Defendant, in an amount to be proved at trial and to be determined by a jury; b) reasonable attorney's fees; and c) such other and further relief as the Court shall find appropriate in the circumstances.

## COUNT III: IN THE ALTERNATIVE - EXCESSIVE FORCE PURSUANT TO THE OKLAHOMA CONSTITUTION ARTICLE 2 SECTION 30 AND *Bosh v. Cherokee County Bldg. Authority,* 305 P.3d 994 (2013)

33.   Mr. Griffith re-alleges and incorporates by reference paragraphs 1 – 32.

34.   Officer Downing used excessive force and pepper spray against an unarmed and compliant elderly man whose only "crime" was alerting Officer Downing that he was driving the wrong way on the road endangering the Griffiths and potentially other citizens.

35.   The protections of Article 2 Section 30 of the Oklahoma Constitution applies to citizens who are seized, arrestees, and pre-incarcerated detainees and provides a private cause of action for excessive force, notwithstanding the requirements and limitations of the Oklahoma Governmental Tort Claim Act. *Bosh v. Cherokee County Bldg. Authority,* 305 P.3d 994 (2013).

36.   The City of Sperry is liable for the tortious acts of their respective

individual employee Defendant via the doctrine of *respondeat superior* as the individual Defendant was acting within the scope of his employment. *Id.*, at 1004.

37.     WHEREFORE, premises considered Mr. Griffith prays for: a) actual damages against the City of Sperry in an amount to be proven at trial and to be determined by a jury; b) reasonable attorney's fees; and c) such other and further relief as the Court shall find appropriate in the circumstances.

Clinton R. James, OBA# 31106
THE FIRM ON BALTIMORE, PLLC
1811 S. Baltimore
Tulsa, Oklahoma 74119
Phone: (918) 948-6171
Fax: (800) 460-3446
clint@lawtulsa.com



# THE FIRM ON BALTIMORE
## ATTORNEYS AT LAW

July 11, 2014

## NOTICE OF GOVERNMENTAL TORT CLAIM

To:         Town of Sperry
            Town Clerk
            115 N. Cincinnati Ave.
            Sperry, OK 74073

            Jeff Stephens
            Legal Counsel
            323 Wc Rogers Blvd.
            Skiatook, OK 74070

Claimants:  Charles and Wilma Griffith
            c/o Scott A. Graham
            The Firm on Baltimore, PLLC
            1811 S. Baltimore
            Tulsa, OK 74119
            918.948.6171
            scott@lawtulsa.com

### DESCRIPTION OF CLAIM

Pursuant to Oklahoma's Governmental Tort Claims Act, 51 O.S. § 151 *et seq.*, Claimants Charles and Wilma Griffith through their undersigned attorney, Scott Graham, hereby submit this notice of their claims against The Town of Sperry, Oklahoma. Claimants allege as follows:



EXHIBIT A

---

1811 South Baltimore Ave, Tulsa, OK 74119 | PH: 918.948.6171 | FX: 800.460.3446 | EMAIL: mail@lawtulsa.com | WEB: lawtulsa.com

Scott A. Graham | Grant W. Brown | Shannon M. McMurray | Thomas H. Landrum | Clint R. James

1. Charles Griffith is a seventy-eight (78) year old life-long resident of the Town of Sperry, Oklahoma. The events giving rise to this claim took place in Sperry, Oklahoma on June 11, 2014, as the Griffith's evening church service had just let out. Mr. Griffith was driving home from church when he alerted Officer Downing that the officer was traveling north in a southbound lane.

2. Mr. Griffith telling Officer Downing that he was driving in the wrong lane apparently angered Officer Downing so he initiated a traffic stop. During the course of the traffic stop, Mr. Griffith opened his car door to greet Officer Downing at the back of his vehicle. Mr. Griffith made no aggressive or threatening movements. He simply sat in his car with the door open. Shortly after Mr. Griffith opened his car door, Officer Downing grabbed Mr. Griffith's arm and began to twist and shake it violently. Immediately after releasing Mr. Griffith's arm, Officer Downing sprayed Mr. Griffith with pepper spray while Mr. Griffith sat bleeding in his vehicle. At no time was Mr. Griffith aggressive towards Officer Downing. Several town residents were witnesses and intervened to protect Mr. Griffith from being abused further by Officer Downing.

3. As a result of Officer Downing's use of excessive force, Mr. Griffith had to seek and receive medical treatment on his arm and his eyes. Mr. Griffith still has trouble breathing since the use of the pepper spray. The Griffiths, life-long residents of the Town of Sperry, are now afraid to leave their home alone. Just the sight of a police car, once a welcome sight to the Griffiths and a symbol of the safe town they choose to call home, now only serves to remind them of their ordeal, causing them both accelerated heart rates and increases in blood pressure.

4. Claimants assert that the Town of Sperry: (i) failed to train Officer Downing; and (ii) as a result of the failure to train, Officer Downing used excessive force; and (iii) the Town of Sperry had notice of Officer Downing's propensity to use excessive force.

5. Claimants have suffered extreme pain and suffering and mental as well as emotional anguish in the amount of $1,000,000.00.

Sincerely,

*[signature]*

Scott A. Graham, OBA# 19817

Counsel for Claimants

